Vanessa Haberbush appearing for Appellant, and Alan Forsley appearing for Appalee. Okay, Ms. Haberbush, you want to reserve some time for rebuttal? Yes, Your Honor, I'd like to reserve three minutes. Okay, please go ahead. Good morning, Your Honors, and may it please the Court. My name is Vanessa Haberbush, and I'm representing the Court of Appeal. I'm here to speak on behalf of the Court of Appeal. I'm representing the appellant, Randy Rose. This appeal, at its core, is characterized by a failure of the bankruptcy court to examine the facts actually alleged in the proof of claim and the law related to them. The proof of claim attaches a copy of a state court complaint that is clear from its face that it asserts claims that Rose is asserting on his own behalf, as well as those that he is asserting derivatively on behalf of the entity 871 Linda Flora, LLC, which I'll refer to as Linda Flora. Despite both the bankruptcy court and the debtor admitting that the debtor is liable to Linda Flora on the derivative claims from the face of the complaint, which is to be taken as true at this juncture, the bankruptcy court nevertheless sustained the objection to the proof of claim in its entirety without leave to amend, which is contrary to the facts and the law related to it. First, the proof of claim on its face, as we indicated in our brief, does show that Rose was injured personally. Second, even if he wasn't injured personally and doesn't have personal claims, the proof of claim and the complaint is clear that Rose asserted these derivative claims as well, which necessitated either an overruling of the objection to the proof of claim or allowing an amendment to the proof of claim. Let me ask you this. If you read only the proof of claim and not the attachment, would you know that a derivative claim was being asserted? No, Your Honor, that was not clear from the proof of claim itself, but I would say that that is promoting form over substance. The debtor's original objection to the proof of claim stated succinctly that it was a derivative claim and the complaint is attached, so everyone was on notice of what this claim was. The bankruptcy court, by admitting that there is derivative liability, also saw from the face of this proof of claim, yes, the attachments, it's clear what's going on, such that at least an amendment would have been appropriate under these circumstances. Counsel, let me just draw your attention to that. One other argument that they make, in addition to the way it's labeled, is they focus in on this California statute that required certain proof. How do we deal with that failure in this particular instance? How would you tell us to rule on that? Are you referring to the... The requirement that you actually make a demand that the entity file and that then when the entity doesn't, you have some basis to suggest that you can move forward. Yes, Your Honor, understood. I have two points on that. The first one is the complaint is clear that a demand would have been futile. There are conspiracy claims that are very clear from all of this where Linda Flores relegates defendants, it's really just a sham entity, and demand would be futile, which is... Let me back up. If a demand is required, unless it would be futile under California law, which we would assert is clear from the complaint. However, even if it's not, an amendment to the proof of claim would be appropriate to make that clear. My client can do that. It's a simple amendment to the attachment of the proof of claim. We are at a little bit of an interesting procedural standpoint because we do have a complaint that's an operative complaint in the state court. There's no demur to it. But if that were an issue there, it would be allowed to be amended there, and there's no reason why additional facts couldn't be included in an amendment to the proof of claim. Let me just understand that argument. What you're saying then is that since they answered and they didn't move on the basis that it failed to state a derivative claim and they knew that there was a derivative claim pending in state court, they've waived this argument in the bankruptcy context to now assert, well, you failed to do something you should have done when you asserted a derivative claim. Is that a fair analysis? Yes, Your Honor, but also, even assuming there's no waiver, we should be allowed to at least amend the proof of claim to include that now. So that's something that can be put in the proof of claim attachment, saying it's a derivative claim, that demand would be futile. That's an easy fix that I think the bankruptcy court's ruling would make clear, yes, we can amend it to do that. And because the complaint is so clear that there's derivative liability claims and both the debtor and the bankruptcy court admit that, that's exactly the type of amendment that the code is expecting and permitting. It's a liberal standard. And interestingly, the only argument the bankruptcy court had against that was prejudice to the debtor, which seemed to be premised on a litigation expense, which the Ninth Circuit has said that's not prejudice. Everything else, there's no prejudice. The plan would put Rose into the unsecured predator class. It would get paid for errata. It doesn't change anything about the plan. It doesn't change anything there. The debtor hasn't argued prejudice in the brief that was filed or before the bankruptcy court. Those findings just simply don't make sense under these circumstances. It's clear that, at very least, an amendment should have been allowed to the extent that there were deficiencies. Again, we believe that's clear on the face of the complaint, but at least an amendment should be allowed for that. How do you respond? The concern with the amendment, you've addressed one aspect. The other is the amendment is to bring it in the name of the entity by derivative nature, but isn't the switching of that party, even if derivative status, at some point, it's just too late to bring another party into it, isn't it? Your Honor, I would argue no, because the proof of claim is clear from its face that that's what's going on, but I have a couple of points related to that. The first is the complaint's clear. There's no question that everybody knew what was going on. It's the same type of claims, regardless of who the party is. Nothing changes fundamentally. It's all the same. Yes, it's a different party, but that is permitted under Ninth Circuit law. The other issue that we have, excuse me, I lost my train of thought. As to bringing in Linda Flora? Right, so, Your Honor, the other issue that we have is regarding the derivative liability claims. California law also allows for a case like this one to allow the individual to bring that, and to get the damages for that, such that Rose bringing this in an individual capacity, even as a derivative claim is appropriate. California courts say if it's equitable, this is precisely what could happen, so that Rose could stay the creditor in interest and bring these derivative liability claims. Because of the conspiracy claims, and all of the facts in the complaint, this is exactly the type of equitable situation you would have, where it would make sense for Rose to bring this derivative claim individually, so that he could amend the claim, it could still be in his name, and it can be a derivative, and he would have that in his personal capacity. Law could be included in that attachment to the proof of claim, showing equity. There are California cases that talk about, when it's a small LLC like this one, where the other member of the LLC is alleged to commit fraud, it doesn't make sense to require the entity to be the party in interest for that. It's simply because it just doesn't make sense, and it's not equitable for that. Under these circumstances, I would argue that it could be amended to either Rose or Linda Flora, depending on how the court sees those arguments. And that goes to your lack of prejudice point previously made, I assume. Yes, Your Honor, it does. And it also goes to the fact that, I believe all of that's already alleged in the complaint, so making it clear on the proof of claim form and attachment to that, would just simply bolster that and show, it is alternative theories of liability, where Rose is seeking it personally and derivatively, and how we're doing that, and that we believe that Rose can bring that personally, but if not, and the court disagrees, Linda Flora still has his claim servitively as well. If Your Honors don't have additional questions, I would like to reserve the rest of my time for rebuttal. Any further questions at this point? No, thank you. Okay, great. Thank you. Mr. Forestley, please go ahead. Thank you. May it please the Court. Really, if you think about this claim, what is it about? It's really, it's a bad faith claim. Why did Mr. Rose go and file the claim in his own name? He filed it in his own name because he wanted to get the money. He didn't want the money to go to Linda Flora LLC, which is where it should go. So he filed a separate claim for Linda Flora. Is that relevant? Yes, it's very relevant. I mean, that's the whole purpose, why the claim was not properly filed, because he wanted to keep the money in bad faith. He was upset because he loaned, excuse me, he invested $520,000 into Linda Flora LLC, and he didn't want his other partner to get the money. Let me stop you, because what you're saying is, the remedy that was suggested, disallowing the claim, punishes those other parties who you say should have gotten the money. Wouldn't the appropriate remedy, if Mr. Rose were acting in bad faith, would be to put Linda Flora's in as the claimant? Linda Flora could have always filed its own proof of claim. There's another, Howard Royal, he's the other member of the LLC, he could have filed it. Howard Royal likewise could have filed a claim for, a derivative claim. So the fact that we shouldn't go and reward Mr. Rose for trying to, he's tried to essentially steal money from the LLC, and take the money himself, and now he says, oh, I've gotten caught, and I don't have a personal claim, I don't have an individual claim. So now, geez, let me amend my claim, and assert it on behalf of the LLC, derivatively. And in my view, that's a completely separate claim. We either have three separate claims here, either an individual claim by Mr. Rose, which has failed, a derivative claim on behalf of Linda Flora LLC, and that would be a payment to Linda Flora, it wouldn't be a payment to Mr. Rose, or Linda Flora could have just filed its own proof of claim. And they would have been covered. But they didn't do that. So if we look at this, Ms. Haberwisch talks about that there was some sort of conspiracy theory. There may have been, but that was after Mr. Rose invested his $520,000. So he invests the $520,000 into the Linda Flora LLC, and I'm taking the allegations from the allegations in the complaint. Gets a loan. Mr. Porchini personally says he'll put in $200,000. He didn't say on behalf of debtor on a MedEquity. He says personally, that's what the complaint allegations are, that he's going to put the money in. So then the property is purchased. This is about May of 2017. And then the joint venture agreement is entered into in April of 2017 between Linda Flora and MedEquity. So Mr. Rose doesn't have any, there's no conspiracy allegations that support any conspiracy for him. He doesn't have any claims. And the only way he'd get a conspiracy, because conspiracy is not a cause of action, would be conspiracy through the claims that he has, but he doesn't have any claims that are viable because he didn't have any personal, it wasn't, he didn't have any personal part of the deal. He was just, he was an investor in Linda Flora's LLC, which entered into the deal with debtor, that joint venture agreement. So if we look at through the complaint, each of those allegations, he doesn't allege an individual claim. And I could go through each one of them, but I think I kind of set forth that in the papers. And so, but based upon that, there's no reason to allow Mr. Rose to amend the proof of claim because he can't cure his defects. As I stated, he invested prior to, he invested his money prior to the deal between Linda Flora's LLC and debtor. So he doesn't have any claims. So it would just be a waste of time to go forward and allow him to amend his proof of claim. Certainly Linda Flora LLC could file a claim. He could file a claim derivatively, but to me, in my view, that's a completely new claim because it's being paid. So counsel, let's just focus on that for a second. He attached the amended complaint from the state court. So you were aware of the fact that it was derivative. And in fact, in your response to his, his, his claim, you suggested if it really was a derivative claim, all I needed to do is to change the caption to say it was Randy Rose on behalf of Linda Flora LLC. Initially that would have then satisfied the notice requirement, which I think was obvious from the attachment of the complaint, which alleged that MedEquity itself had been injured and was a defendant in the underlying state court lawsuit. So how, how is the debtor in somehow enforcing some, he asserted a right of another party. If they were the correct party, why wouldn't the rules that allow the real party interest to be joined apply here and allow that amendment to occur? Well, again, you know, bad faith, you know, if some other party wants to file a claim, Mr. Rose in bad faith, he puts the proof of claim in his name because he wants to get the money. So he should not now benefit and now have the claim. Is there, is there a fighting of bad faith? No, but that there's, there's no finding, but there's a reason why he put it in his own name. He'd won the money himself. So you're asking the BAP to make a finding on this record of bad faith? I'm not asking the BAP to make a finding of bad faith. I'm just asking the BAP to think, why did Mr. Rose go forward and put the claim in his name? Why did, and he had many opportunities to amend. He didn't, he didn't before the objection. And, and even in the objection, he could have, and when I filed the objection, he could have said, Oh, I made a mistake. I meant to put it in my name, but he never, he said, no, he's got a claim. He's got a claim. And he said that he has a claim because again, he wanted the money. But talking, going back to the possible derivative claim and that, that was the complaint that was attached to the proof of claim. Again, the derivative claim was not properly applied in the complaint. There's no, there are no allegations that, um, any person asked Linda Floor or demanded that Linda Floor bring forward. So counsel, so counsel addressed the argument that she made, that there was no demur filed in state court. You didn't seek to dismiss the complaint on the basis that he didn't comply. And you answered the complaint and suggested that there was no liability. So why haven't you waived that argument? Well, well, you know, I'm not state court counsel, but I, what I think it is is that, um, you wait, you wait and wait and wait. And then you file a motion to, um, essentially not a demur, but a motion for judgment on the pleadings stating that they haven't alleged, uh, that particular cause of action. It gets tossed out and it's too late to amend. And that's probably what's going to happen here. It's, but they have not amended the complaint. That's what I would do in state court. I would just file a motion for judgment on the pleadings in jeopardy of that cause of action. But at this stage, the bankruptcy court ruled that they couldn't amend as a matter of law because the claim couldn't be had. And what you're suggesting is more litigation has to occur below before that determination could be made by the bankruptcy court. You can't rely on anything that's happened in the state court proceedings as a way to, to preclude this at this stage. Can it?  Rose can't amend the claim, but the bankruptcy court didn't say anything about Linda Flores filing a proof of claim or some other party filing a proof of claim derivatively on behalf of Linda Flores LLC. Well, you made the argument to the bankruptcy court that Linda Flores couldn't be joined at this stage of the proceedings because the claims bar date had expired. And so it would be improper for Linda Flores to now be able to amend and the bankruptcy court bought that argument. Yeah.  I said it could be joined, but you know, there are these, there is a proof of claim bar date and there are other things, maybe there's a, they could get around that by saying that they didn't get noticed or something. I don't know how, but I said, yes, the court could allow it, but it would be subject to these problems. That's correct. I have, the other thing I wanted to bring up to the court's attention is Ms. Flores, and I'm going to go back to her appeal and in the reply regarding things that occurred, but oral statements have no value when you look at the documents that are attached to the complaint and the proof of claim. And when we have, so what I'm saying is the facts that are alleged in the complaint are, and they're attached as exhibits, are superseded by, excuse me, the allegations in the complaint are superseded by the facts that are in the documents of the complaint. So to the extent that the complaint alleges something that's inconsistent with the documents attached to the complaint, then those allegations are superseded by the complaint facts, the document facts. So say, for example, Ms. Haberwisch says that Mr. Rose was the initial party to purchase the property. And if we look at the grant deed that's attached as a document, we see that, no, he didn't buy the property. He never purchased the property. The property was purchased directly by Linda Flora LLC. So to the extent there are many facts that are inconsistent with the complaint to the exhibits, the exhibit documents supersede any of those complaint allegations. I have nothing further unless the court has further questions. Any questions? Okay, thank you very much. Ms. Haberwisch, back to you for, let's see, six minutes or so. Go ahead, please. Thank you, your honor. I will just address a couple of points. The first one relates to the Linda Flora and whether it should have filed a done proof of claim and whether it can amend first because the claims in the complaint really are one in the same between Linda Flora and Randy Rose. I don't think it would have made sense for both of them to file claims. I think arguably they would have been duplicative or especially since those derivative claims are alleged in the complaint and aren't together. Further, I think your honors, I would argue that Linda Flora as a new party and this proof of claim, again, is allowed under the liberal standards of allowing amendments. There would be no need to file a different claim for that. It's the claim is what it is and changing the party. It seems like everyone agrees that that would be appropriate or would make sense. So there's no issue with that. In relation to the bad faith argument, I believe this is the first time this has been raised. I don't believe that was raised in the debtor's brief, but I don't, number one, don't see how it's relevant. And second, I'm not sure that it makes a difference in terms of whether he's the proper party or not, whether it's a good claim or not, that that's the ultimate issue. And there's no findings regarding fat, nothing on that in the bankruptcy court. So it shouldn't make a difference for this court, especially since the better isn't attempting to make a finding at this stage. The other one comment I do want to make in relation to the facts, Mr. Forsley made some reference to the fact that I believe that the wrongful actions of the debtor didn't occur until after Mr. Rose had invested his funds. But because of the conspiracy claims and the nature of how those work, there, anything that any of the tortfeasors do is contributed to the other ones. If there is a conspiracy and by the facts of the complaint, it's clear that there was wrongful acts alleged of Mr. Bikini and Royal. Well, before those investments were made and everything was a scheme. So it, the timing doesn't matter on that. And it shows that there is personal liability there and that there are claims against the debtor that would go to those dates as well. And I believe that covers everything I have in rebuttal unless you have additional questions. All right. Any questions? No, thank you. Okay.  The matter is submitted. Thank you, your honors.
judges: Faris, Spraker, and Gan